IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SCOTT CHANCEY,

          Plaintiff,

    v.

WASHINGTON MUTUAL ASSETBACKED
CERTIFICATES WMABS
SERIES 2007-HE2 TRUST ISSUING
ENTITY; WAMU ASSET ACCEPTANCE
CORP. DEPOSITOR; WASHINGTON
MUTUAL MORTGAGE SECURITIES
CORP. SPONSOR; WASHINGTON
MUTUAL BANK SERVICER SHAPIRO
SUTHERLAND LLC; DOES 1-100,

          Defendant.

Case Number CV 10-3007-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

      Scott Chancey ("plaintiff") filed a compliant against defendants Washington Mutual Asset-Back Certificates WaMu Series 2007-HE2 Trust, WaMu asset Acceptance Corp., WaMu Mortgage Corp ("WaMu"), WaMu bank servicer Shapiro Sutherland LLC ("Shapiro), and "does 1-100" in the Circuit Court of the State of Oregon for the County of Josephine. (Notice of

Report & Recommendation 1

Removal, Dkt. No. 1.)

JP Morgan Chase Bank, N.A. ("Chase") acquired certain liabilities of WaMu from the Federal Deposit Insurance Corporation through the Purchase and Assumption Agreement ("P&A"). www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf. Acting as acquirer of certain assets and liabilities, Chase removed the complaint to federal court under 28 U.S.C. §1441 and 1446, asserting jurisdiction under 28 U.S.C. §1331 and 1367. (Notice of Removal, 2.) Upon the stipulation of the parties Shapiro was later dismissed as a defendant. (Order of Dismissal, Dkt. No. 12.)

Plaintiff alleges: (1) Violation of the Trouble Assets Relief Program ("TARP"), (2) Breach of Covenant of Fair Dealing, (3) Misjoinder, Fraud, (4) Stopples, Latches, Negligent Misrepresentation, (5) Breach of Fiduciary Duty, and 6) Civil Conspiracy. (Notice of Removal, Ex. 1 ("Compl."), ¶¶ 14-17.) Chase moves to dismiss all of plaintiff's claims for relief, arguing that plaintiff failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss, Dkt. No. 9.) For the reasons below, the court should grant Chase's motion to dismiss with leave to amend to add the Federal Deposit Insurance Corporation ("FDIC") as proper party.

**I.     Background**

The court liberally construes plaintiff's complaint to allege the facts summarized below. Chase asks the court to take judicial notice of (1) Notice to Default and Election to Sell, (2) Affidavit of Mailing of Notice of Sale, (3) the Trustee's Deed, and (4) the P&A between the FDIC and Chase. The court should take judicial notice of the facts contained in these documents because such facts are "capable of accurate and ready determination by resort to sources whose

Report & Recommendation 2

accuracy cannot reasonably be question." Federal Rule of Evidence 201(b)(2). The first three documents are in the official records of Josephine County, Oregon, and the P&A is available at the FDIC website and is a public document detailing the transaction between WaMu and the FDIC, an independent agency of the federal government.[1]

### A. Deed of Trust and Subsequent Foreclosure

Plaintiff is the borrower and signatory on a Deed of Trust, dated January 23, 2007, that secured a promissory note for $560,000. (Compl. Ex. 1, 1-2.) WaMu is the lender and beneficiary. (Compl. Ex. 1, 1.) The Deed of Trust concerns the real property at issue here, located at 9435 Monument Drive in Grants Pass, Oregon. (Compl. Ex. 1, 3.) Plaintiff lives at this address and purchased it through a loan agreement with defendants. (Compl. ¶¶ 1, 77.)

Plaintiff, who is filing pro se, alleges that the Deed of Trust is being used by defendants to mislead investors in violation of "public reporting criteria." (Compl. ¶¶ 11.) Furthermore, Shapiro Sutherland LLC is "operating in a [sic] opaque and secretive way, [and] employs methods seen as to circumvent the borrowers rights." (Compl. ¶¶ 14.) Defendants also misled plaintiff in violation of "FIERRA legislation"[2] by not disclosing the source of the funds for his loan and the actual lender. (Compl. ¶¶ 15.) The "clandestine activity" by WaMu "induced the

---

[1] The Northern District of California recently took judicial notice of the same P&A agreement in a suit against Chase. See Biggins v. Wells Fargo & Co., 266 F.R.D. 399 (N.D. Cal. 2009). The Ninth Circuit has previously held that Federal Rule of Evidence 201 allows a court to "take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (impliedly overruled on other grounds; See Crawford-El v. Britton, 523 U.S. 574, 592-93 (1998)).

[2] Plaintiff is presumably referring to the Financial Institution Reform, Recovery and Enhancement Act (the acronym for which is FIRREA, not FIERRA).

Report & Recommendation 3

[p]laintiff into a transaction that did not and could not meet normal underwriting standards for a residential mortgage." (Compl. ¶ 17.) The appraisal of plaintiff's property was then "intentionally and knowingly altered along with other loan data to justify the closing of the loan transactions." (Compl. ¶ 20.) As a result of these actions by defendants, plaintiff entered into an agreement that he never would have had he known the improper nature of the scheme. (Compl. ¶ 75.)

The catalyst for this action was the foreclosure of plaintiff's home. The foreclosure proceedings began on May 21, 2009 when a "Notice of Default and Election to Sell" was filed by Kelly Sutherland (of Shapiro Sutherland LLC) in Clark County, Washington. (Request of Notice., Dkt. No. 10, Ex. 1, Notice of Default and Election to Sell.) As required by Oregon law, defendant Sutherland then mailed a copy of the notice to plaintiff at three different addresses and published notification in the newspaper. (Req. of Notice, Dkt. No. 10, Ex. 2, Affidavit of Mailing of Notice of Sale.) Plaintiff then failed to take the requisite action to prevent foreclosure, and the property in dispute was subsequently sold to another party at public auction. (Req. of Notice, Dkt. No. 10, Ex. 3, Trustee's Deed.)

### B. Failure of WaMu

Subsequent to plaintiff's Deed of Trust, the Chartering Authority closed WaMu and it was deemed a "failed bank." The FDIC was then appointed as receiver. (P&A 1.) On September 25, 2008 Chase agreed — subject to several limitations — to "assume[] at Book Value . . . and agree[] to pay, perform, and discharge, all of the liabilities of [WaMu] which are reflected on the Books and Records of the Failed Bank [WaMu]." The September 25, 2008 P&A did not transfer and explicitly withheld from Chase "liability to any borrower for monetary relief." (P&A ¶ 2.5.)

Plaintiff contends that defendant committed several fraudulent and misleading acts, and

Report & Recommendation 4

as a result, he has suffered harm and is entitled to relief (1) for violation of TARP, (2) for violation of contract law on four separate contract claims outlined above, and (3) civil conspiracy. (Compl. ¶¶ 81-125.) Plaintiff also states that he is entitled to over $1,000,000 of profits defendants allegedly earned from this illegal scheme, although this is not supported by a cause of action. (Compl. ¶¶ 71-72.) Though not clearly linked to any of his claims, it is possible that these profits are part of the relief prayed for in the claims outlined above.

### C. Claims Against Parties

The claims against Shapiro were later dismissed with prejudice upon the stipulation of plaintiff and Shapiro. (Order of Dismissal.) At this time the court does not have an accurate mailing address for plaintiff, as several court mailings to plaintiff have been returned. (See Dkt. Nos. 6, 13, 20.) Chase asserts that it has served plaintiff with its motion to dismiss at the mailing address provided to defendants' counsel by plaintiff (and confirmed through email); plaintiff, however, did not file a response to the motion by the April 23, 2010 deadline. (Def.'s Rep. to Motion to Dismiss, Dkt. No. 11.) As such, Chase requests that the court consider the motion to dismiss fully briefed and grant the motion. ( Def.'s Rep. to Motion to Dismiss.)

## II. Standards

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

A claim may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter

Report & Recommendation 5

Reynolds, Inc. 749 F.2d 530, 533-34 (9th Cir. 1984). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. Sun Saving & Loan Ass'n v. Dierdoff, 825 F.2d 187, 191 (9th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a)(2) a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp.v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id. In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. When a court finds well-pleaded factual allegations, it should assume the facts alleged are true and determine whether they plausibly give rise to an entitlement of relief sought in the complaint. Id. If not, a grant of motion to dismiss by a court is proper.

Although "[p]ro se litigants must follow the same rules of procedure that govern other litigants," courts "have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt." King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Therefore the "policy of liberal construction in favor of pro se litigants" allows a court to "tolerate informalities from civil pro se litigants." Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).

### III. Chase's Motion to Dismiss Should Be Granted

Chase moves to dismiss plaintiff's complaint on several grounds.

#### A. No Relief Exists Under TARP

Report & Recommendation 6

Plaintiff seeks relief under TARP. TARP, however, does not provide a private cause of action against private defendants. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009). Plaintiff has no cause of action under TARP. There is no cognizable legal theory for relief, and his claim under TARP should be dismissed.

B.   Chase Assumed No Liability Under The P&A

Chase asserts it is not the proper party in the suit. When the FDIC enters into receivership for a failed bank, it succeeds to "all rights, titles, powers, and privileges of the" failed bank. 12 U.S.C. §1821(d)(2)(A)(i). The FDIC as receiver "shall pay all valid obligations of the insured depository institution [the failed bank]." 12 U.S.C. §1821(d)(2)(H). The statute, therefore, "indicate[s] that the FDIC as receiver "steps into the shoes" of the failed [bank], obtaining the rights "of the insured depository institution" that existed prior to receivership. O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (internal citation omitted).

Receivership also gives the FDIC the "power to take all actions necessary to resolve the problems posed by a financial institution in default." Sahni v. American Diversified Partners, 83 F.3d 1054, 1058 (9th Cir. 1996). This means that the FDIC has the authority to transfer and, at its discretion, may "transfer any asset or liability of the institution in default . . . without any approval, assignment, or consent with respect to such transfer." 12 U.S.C. §1821(d)(2)(G)(i)(II). Correspondingly, the FDIC may choose not to transfer liability in a P&A agreement. West Park Assocs. v. Butterfield Sav. & Loan Ass'n, 60 F.3d 1452, 1458 (9th Cir. 1995). In West Park, the court concluded that the purpose of the agreement was to "limit [the transferor's] liability for the latent claims of unknown magnitude of shareholders." Id. Because the FDIC assumed the obligations of the failed bank and also expressly limited liability when it transferred the failed

Report & Recommendation 7

bank's assets, "any claims . . . must be brought against FDIC-receiver and not against [the transferor]." Id. Similarly, when a failed thrift went into receivership under the Resolution Trust Corporation[3] ("RTC"), the RTC, and not a subsequent purchaser of assets, "[was] the successor to a failed thrift's liabilities unless RTC expressly designates otherwise." Payne v. Security Sav. & Loan Assn., F.A., 924 F.2d 109, 111 (7th Cir. 1991).

In Biggins v. Wells Fargo & Co., the court addressed the question of who assumed liability of the plaintiff's claims of fraud after commencement of the same P&A agreement between Chase and the FDIC that is currently before the court. 266 F.R.D. 399, 414-15 (N.D. Cal. 2009). The court held that "the claims assert by Plaintiffs . . . fall within Section 2.5 of the Purchase and Assumption Agreement and, thus, any liabilities associated with those were not assumed by Chase." Id. at 415. The P&A stated "any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by the Failed Bank . . . or otherwise arising in connection with [WaMu's] lending or loan purchase activities are specifically not assumed by [Chase]." (P&A ¶¶ 2.5.)

Here, plaintiff's damages claims stem from a loan that originated with WaMu in January 2007. (Compl. Ex. 1, 1-2.) As in West Park, claims must be brought against the FDIC and not WaMu. (See also Biggins, 266 F.R.D at 415).

Therefore Chase is not liable for any monetary relief allegedly owed to plaintiff on his

---

[3] The RTC preceded the FDIC in several of its roles, including taking receivership of failed savings and loans banks. On December 31, 1995, the RTC's conservatorship and receivership functions, as well as resources, liabilities, and assets, were transferred to the FDIC and the RTC ceased to exist. See Resolution Trust Corporation Completion Act, Pub. L. No. 103-204, § 7, 107 Stat 2369, 2383-84 (1993).

Report & Recommendation 8

2007 loan from WaMu. Plaintiff has no claim against Chase. Their motion to dismiss should be granted.

### IV. Plaintiff Should be Given Leave to Amend

Plaintiff may still bring his claims against the FDIC because the "rights, titles, powers, and privileges" of the FDIC or RTC as receiver includes the duty to succeed the failed bank in litigation. In Payne v. Security Savings and Loan Assn., F.A., the court concluded that the RTC succeeded the failed bank in the failed bank's obligation to litigate the damages from an age discrimination claim. 924 F.2d 109, 111 (7th Cir. 1991). The Seventh Circuit substituted the FDIC in a consolidated class action, even though the failed bank was not named as a defendant in one of the class actions until after receivership, because the FDIC "ha[d] succeeded to all rights, titles, powers and privileges of [the failed bank]." In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee, 418 F.3d 277, 293 (3rd Cir. 2005).

The court may allow plaintiff to amend his complaint. In Biggins, after concluding that the P&A did not transfer liability of claims to Chase, the court dismissed the claims against Chase and gave plaintiffs leave to amend their complaint "to assert their claims against the FDIC." 266 F.R.D. at 415 (Because of ¶2.5 of the P&A, Chase was not the successor to liability for plaintiffs claims.). The situation here warrants an identical result. As the FDIC succeeded WaMu in all of its "rights, titles, powers, and privileges" and explicitly withheld transferring liability for claims for monetary relief to Chase, any claims that plaintiff may have lie with the FDIC. Plaintiff should be given leave to amend his complaint to add the FDIC as defendant.

### V. Conclusion

Plaintiff's TARP claim should be dismissed with prejudice. Because the P&A did not

Report & Recommendation 9

transfer liability for plaintiff's claims to Chase, the court should dismiss all of plaintiff's claims against Chase and WaMu with prejudice. However, the court should grant plaintiff leave to amend his complaint, to name the FDIC as the proper party.

## VI.   Recommendation

The motion should be granted.

<u>This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals</u>. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. <u>Objections to this Report and Recommendation, if any, are due by **August 16, 2010**. If objections are filed, any responses to the objections are due within 17 days,</u> see Federal Rules of Civil Procedure 72 and 6. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 27 day of July 2010.

MARK D. CLARKE
United States Magistrate Judge

Report & Recommendation 10