FILED'10 DEC 2 1451USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SCOTT CHANCEY,

        Plaintiff,

  v.

WASHINGTON MUTUAL ASSET-BACKED
CERTIFICATES WMABS SERIES 2007-HE2
TRUST ISSUING ENTITY; WAMU ASSET
ACCEPTANCE CORP. DEPOSITOR;
WASHINGTON MUTUAL MORTGAGE
SECURITIES CORP. SPONSOR;
WASHINGTON MUTUAL BANK SERVICER
SHAPIRO SUTHERLAND LLC; DOES 1-100,

        Defendants.

Case Number 10-3007-CL

**ORDER**

PANNER, District Judge.

      JPMorgan Chase, N.A. ("Chase"), acting as acquirer of certain assets and liabilities of Washington Mutual Bank, FA ("WaMu") from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver, and defendants Washington Mutual Asset-Backed Certificates WaMu Series 2007-HE2 Trust, WaMu Asset Acceptance Corporation, and Washington Mutual Mortgage Securities Corporation (collectively, "bank defendants") filed a motion for entry of judgment pursuant to Federal Rules of Civil Procedure 54(b) (#31). Chase and the bank

Page 1 - ORDER

defendants argue plaintiff Scott Chancey's First Amended Complaint disregards my Order (#27) dismissing plaintiff's original Complaint.

Federal Rules of Civil Procedure ("FRCP") 54(b) provides in pertinent part:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment . . ."

See Zucker v. Maxicare Health Plans Inc., 14 F.3d 477, 483 (9th Cir. 1993). In the Ninth Circuit, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir. 1993) (*quoting* Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987)).

Plaintiff filed a complaint in Oregon state court seeking compensatory damages and other relief on six causes of action, all related to a January 23, 2007 Deed of Trust executed by plaintiff as the borrower and listing WaMu as the lender and beneficiary. Chase acquired certain liabilities of WaMu from the FDIC through a Purchase and Assumption Agreement ("P&A"), after the Chartering Authority closed WaMu, deemed it a "failed bank," and appointed the FDIC as receiver. See www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf. Acting as acquirer of certain assets and liabilities, Chase removed the complaint to federal court. The parties agreed to dismiss Sharpiro Sutherland LLC as a defendant. (#12).

Chase and the bank defendants filed a motion to dismiss. (#8). By order dated August 23, 2010 (#25), the Court, adopting Magistrate Judge Mark D. Clarke's Report and Recommendation (#22), dismissed plaintiff's claims against the bank defendants and Chase with

Page 2 - ORDER

prejudice, and granted plaintiff leave to file an amended complaint to name the FDIC as the proper party in interest.

On October 14, 2010, plaintiff filed an amended complaint (#29) adding the FDIC as a defendant and asserting claims against the bank defendants. Chase and the bank defendants seek entry of final judgment as to them on the ground that the entry of judgment will promote judicial efficiency and fairness by finally concluding their involvement in this action and eliminating the involvement of parties against whom no claim is pending. Plaintiff's response (#34) primarily argues against the entry of summary judgment in favor of the defendants, although no motion for summary judgment has been filed. However, to the extent plaintiff's pleading may be viewed as responsive to the FRCP 54(b) motion, plaintiff argues only that the motion should be denied because "WaMu is an indispensable party" to the case.

The Court finds that there is no reason for delay and directs judgment entered as to defendants Chase, WAMU, Washington Mutual Asset-Backed Certificates WaMu Series 2007-HE2 Trust, WaMu Asset Acceptance Corporation, and Washington Mutual Mortgage Securities Corporation. Defendants' motion for entry of FRCP 54(b) judgment (#31) is GRANTED. To the extent plaintiff's response (#34) moves for summary judgment, plaintiff's motion is DENIED.

It is so ordered.

DATED this ____2____ day of December, 2010

*/s/ Owen M. Panner*
OWEN M. PANNER
United States District Judge

Page 3 - ORDER